SMITH, Justice,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 56. I concur in part in the judgment to affirm as to Issues I and II. However, I respectfully dissent from the majority’s judgment to also affirm as to Issues III, IV, and V.
¶ 57. The majority opines that the Department was correctly assessed a $100.00 civil penalty because it acted in “complete bad faith.” The majority correctly states that there is no Mississippi authority that could guide the Department to release the “comp time” records for its employees. Without any Mississippi authority for guidance, the Department could not have acted willfully and knowingly according to Miss. Code Ann. § 25-61-15 (1999). The Department was legitimately concerned with the privacy rights of its employees. For this reason, the Department is correct for arguing that it should not be penalized for these concerns, considering there is no *940 Mississippi authority addressing the issue. The majority would require that the Department be responsible for the “great deal of authority from other jurisdictions.” (Maj. Op. at 937). I disagree, as we have not previously required such action when this Court has not addressed an issue.
¶ 58. Secondly, the majority states that the Department acted in “complete bad faith.” Again, without willfully and knowingly withholding the employee information, the Department could not have acted in bad faith. As mentioned above, the Department had no guidance from Mississippi authority in regards to the release of this information. Without such guidance, the Department certainly cannot be penalized for “complete bad faith.”
¶ 59. For these reasons, the Department did not willfully and knowingly deny the Association access to this information, nor did it engage in conduct that can be classified as “complete bad faith.” The chancellor’s assessment of the $100.00 civil penal■ty was error under the circumstances of this case.
¶ 60. Regarding issue four, concerning the award of attorney’s fees, the majority again states that due to the willful and knowing denial of information by the Department, attorney’s fees were properly awarded to the Association. However, the same problem is present. There can be no willful and knowing denial by the Department when there is no Mississippi authority that can be examined for guidance. The Department cannot be responsible for expenses or attorney’s fees because it did not act with willful and knowing denial as set out in § 25-61-15. For the same reasons, as to Issue four the judgment below should be reversed and rendered.
¶ 61. The fifth issue before this court is moot due to the fact that there should have been no penalty and no award of attorney’s fees.
¶ 62. The judgment below should be reversed in part to the extent that it assessed a $100.00 civil penalty and that it ordered the Department to pay the Association’s expenses and attorney’s fees.
¶ 63. For these reasons, I respectfully concur in part and dissent in part.
COBB, J., JOINS THIS OPINION.